UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

BRUCE WAYNE MILLER,                        Case No. 1:14 cv 00800 GSA

       Plaintiff,

vs.                                        ORDER DISMISSING COMPLAINT AND
                                           GRANTING PLAINTIFF LEAVE TO FILE
D. LEWRIGHT,                               AN AMENDED COMPLAINT

       Defendant

                                           AMENDED COMPLAINT DUE
                                           IN THIRTY DAYS

I.    **Screening Requirement**

      Plaintiff is a civil prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.   Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

      "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams,

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on June 6, 2014 (ECF No. 15).

1

490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.    Plaintiff's Claims

Plaintiff, a civil detainee in the custody of the California Department of Mental Health at Coalinga State Hospital, brings this civil rights action against D. Lewright, an employee of the Department of Mental Health at Coalinga.  Plaintiff claims that Defendant Lewright, the Unit 8 Supervisor,  refused to release to Plaintiff an item that he had ordered from a private vendor. Plaintiff, who is Native American, ordered a bead necklace.  Plaintiff contends that this was a "spiritual item."

 A civil detainee has greater liberty protections than an inmate.  Jones v. Blanas, 393 F.3d 918, 932 99th Cir. 2004)(citations omitted).  "However, as with other First Amendment rights in the inmate context, detainees' rights may be limited or retracted if required to 'maintain institutional security and preserve internal order and discipline." Pierce v. County of Orange, 526 F.3d 1190, 1209 (9th Cir. 2008)(quoting Bell v. Wolfish, 441 U.S. 520, 549 (1979); see, e.g., Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997).  In order to establish a cause of action under the Free Exercise Clause, a civil detainee must show that a  restriction that impeded his ability to practice his religion was not "reasonably related to legitimate penological interests." Alvarez v. Hill, 518 F.3d 1152, 1156 (9th Cir. 2008)(quoting Turner v. Safley, 482 U.S. 78, 89 (1987).

The Court finds Plaintiff's allegation to be vague.  Plaintiff simply alleges that Defendant Lewright is "refusing to release" the item.  Plaintiff does not indicate what, if any, justification Defendant provided Plaintiff.  Plaintiff does not allege whether the item was eventually released or whether he has been permanently deprived of the item.  A simple allegation that Defendant refused to release the item when it arrived, with nothing more, fails to state a claim for relief.

2

The complaint must therefore be dismissed.  Plaintiff will, however, be granted leave to file an amended complaint.

**III.** **Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.    The Clerk's Office shall send to Plaintiff a complaint form;

3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.      Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.      If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:    **September 5, 2014**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE

4